

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-16-00202-CR
### NO. 02-16-00203-CR
### NO. 02-16-00204-CR

JORDAN BAJONERO-PALMA                                    APPELLANT

V.

THE STATE OF TEXAS                                              STATE

----------

## FROM THE 362ND DISTRICT COURT OF DENTON COUNTY
## TRIAL COURT NOS. F-2014-2221-D, F-2014-2222-D, F-2014-2223-D

----------

## MEMORANDUM OPINION[1]

----------

On October 16, 2015, appellant Jordan Bajonero-Palma pleaded guilty to and was convicted of possession of a controlled substance, committed on March 23, 2014; aggravated robbery, committed on April 7, 2014; and two counts of aggravated robbery, both committed on April 6, 2014. The trial court assessed

---

[1]*See* Tex. R. App. P. 47.4.

his punishment at concurrent sentences of two years, twenty-five years, and twenty-five years, respectively. In each case, the trial court certified that Appellant had the right to appeal. *See* Tex. R. App. P. 25.2(a)(2). Appellant did not file a motion for new trial in the trial court, but did file pro se notices of appeal from the trial court's judgments on April 25, 2016.

On June 3 and July 21, 2016, we notified Appellant that we did not believe we had jurisdiction over his appeals because the notices of appeal had not been filed timely. *See* Tex. R. App. P. 26.2(a). We warned Appellant that we would dismiss his appeals for want of jurisdiction unless he or any other party responded showing grounds to continue the appeals. *See* Tex. R. App. P. 44.3. Appellant responded that his notices were untimely because his attorney "said he was going to file a notice of appeal" but "did not."

Our appellate jurisdiction is triggered through a timely filed notice of appeal. *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). If a notice of appeal is not timely filed under Rule 26.2, we do not have jurisdiction to address the merits of the appeal and may take no action—including granting an out-of-time appeal—other than dismissal. *Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998). Rule 26.2(a) requires that a notice of appeal be filed within thirty days after the date the trial court imposes sentence. Tex. R. App. P. 26.2(a). Appellant did not file his notices of appeal within thirty days of the trial court's imposition of sentences; thus, we have no jurisdiction over his appeals and dismiss them. *See* Tex. R. App. P. 43.2(f).

2

/s/ Lee Gabriel

LEE GABRIEL
JUSTICE

PANEL:  LIVINGSTON, C.J.; GABRIEL and SUDDERTH, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  August 18, 2016

3